## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**SANDRA BALDWIN**                                                                              **PLAINTIFF**

**v.**                                        **Case No. 4:12-cv-00357-KGB**

**SALINE RC OPERATIONS, LLC**
**d/b/a FOUR SEASONS RESIDENTIAL**
**CARE CENTER, MICHELE MOSELEY**                                           **DEFENDANTS**

### ORDER

On November 18, 2013, defendants filed a motion to enforce settlement agreement (Dkt. No. 54).  Plaintiff Sandra Baldwin has not responded.  For the reasons that follow, the Court grants defendants' motion to enforce settlement agreement, and the Court hereby dismisses with prejudice this action.

### I.       Factual Background

On October 10, 2013, Ms. Baldwin and defendants signed a "Confidential Agreement" (the "Agreement").  James Hal Miller executed the Agreement as a witness to Ms. Baldwin's signature.  Kimberly Mosely—mistakenly identified as "Michele" in this action—signed the Agreement on behalf of Four Seasons as its Executive Director and in her individual capacity. Specifically, the Agreement provides that, "to finally and fully settle all allegations, disputes and claims raised by [Ms.] Baldwin against [defendants], . . . including without limitation those claims or allegations made in" this action, "[b]y signing below, [Ms.] Baldwin (for herself, her representatives, agents and heirs) waives and releases and promises never to assert in any forum any and all claims that she has or might have, whether known or unknown, against [defendants] . . . ." (Dkt. No. 54-1, at 1).

The Agreement also provides that:

> [Ms.] Baldwin acknowledges that she has been provided with the opportunity to consider whether to enter into the Agreement and to consult with an attorney, that this Agreement is written in a manner calculated to be understood by [Ms.] Baldwin and she has read and understands the contents of this Agreement, that no representations other than those contained herein have been made to induce or influence the execution of the Agreement, and that the Agreement is entered into freely and voluntarily.

(*Id.* at 2).

In exchange for the settlement of all allegations, disputes, and claims, the Agreement requires defendants to tender consideration of $800 by check to Ms. Baldwin (*Id.* at 1), which they did (Dkt. No. 54-2). The check cleared the account of Kutak Rock LLP, defendants counsel's law firm, on October 22, 2013. Ms. Baldwin subsequently endorsed the check and included an instruction to "pay to the order of Barber Law Firm" (*Id.*).

## II.    Analysis

Federal courts apply state law to determine whether a settlement agreement was formed. *See Am. Prairie Constr. Co. v. Hoich*, 594 F.3d 1015, 1023 (8th Cir. 2010) (applying South Dakota law). "Settlement agreements are governed by basic principles of contract law." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996). The Agreement provides that it is "governed by and will be construed in accordance with the laws of the State of Arkansas" (Dkt. No. 54-1, at 2). Under Arkansas law, "[c]ourts will enforce contracts of settlement if they are not in contravention of law." *DaimlerChrysler Corp. v. Smelser*, 289 S.W.3d 466, 470 (Ark. 2008). Arkansas law provides that the essential elements of a contract include: "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *Williamson v. Sanofi Winthrop Pharm., Inc.*, 60 S.W.3d 428, 433-34 (Ark. 2001).

The Agreement meets each of the essential elements of a contract and thus is a valid contract under Arkansas law.  All parties are competent.  The Agreement set forth the subject matter:  the settlement of Ms. Baldwin's allegations, disputes, and claims.  All parties, having signed the Agreement, mutually agreed to its terms.  All parties provided legal consideration and are mutually obligated by the Agreement.

Pursuant to the Agreement, Ms. Baldwin is bound to release all allegations, disputes, and claims as to defendants, including those made in this action.  Accordingly, this action is hereby dismissed with prejudice because (1) the Agreement is a valid contract under Arkansas law, (2) all allegations and claims Ms. Baldwin made in this action were fully and finally settled under the Agreement, and (3) defendants have performed their obligations under the Agreement by tendering a check to Ms. Baldwin in the full amount required.  Further, this Court retains jurisdiction to enforce the terms of the Agreement after this action has been dismissed.

Given the nature of this Order, the Court denies as moot the defendants' motion for leave to file first amended answer to amended complaint (Dkt. No. 23) and motion for summary judgment (Dkt. No. 24), and Ms. Baldwin's motion to stay (Dkt. No. 27).  The Court grants Williams & Anderson PLC's motion to be relieved as counsel (Dkt. No. 57) and supplemental motion to be relieved as counsel (Dkt. No. 58).  Peter G. Kumpe and Marie Bernarde Miller are terminated as counsels of record for Ms. Baldwin.

IT IS SO ORDERED this 8th day of May, 2014.


_____
KRISTINE G. BAKER
 UNITED STATES DISTRICT JUDGE